UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

|                                  |                              |
|----------------------------------|------------------------------|
| MARIO DWAYNE WELCH, aka, MARIO BOINER | : CASE NO. 1:18-CV-02548 |
| Plaintiff,                       |                              |
| vs.                              | : OPINION & ORDER            |
|                                  | : [Resolving Doc. No. 1]     |
| CITY COUNTY PROSECUTION OFFICE, et al., |                       |
| Defendants.                      |                              |

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Mario Dwayne Welch, aka Mario Boiner filed this action against the "City County Prosecution Office" and "Corp. America." The body of Plaintiff's Complaint is very brief. He states, "Defamation of Character by Prosecution Office city & state 1200 Ontario, Cleveland Medical Malpractice Corp. America P.O. Box 1857 Youngstown, Ohio 44501 federal relief Title VII (enclosed) 'to be kept private.'" (Doc. No. 1 at 1). He attaches twenty-one pages of exhibits to his pleading and added a one hundred twenty-four-page supplement of exhibits on January 25, 2019 (Doc No. 4). He seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

Although the Court does not hold *pro se* pleadings to the same standard as those filed by attorneys, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e)

if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] A claim lacks an arguable basis in law or fact when it is based on an unquestionably meritless legal theory or when the factual allegations are clearly baseless.[2] A cause of action fails to state a claim upon which relief may be granted when it does not contain enough facts to suggest Plaintiff has a plausible claim that entitles him to the relief he seeks.[3] This does not mean a Plaintiff is required to allege the facts of his Complaint in great detail, but he still must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."[4] A Complaint that offers only legal conclusions or a simple listing of the elements of a cause of action will not meet this standard.[5] When reviewing the Complaint under § 1915(e), the Court must read it in a way that is the most favorable to the Plaintiff. [6]

Plaintiff's claims for defamation of character, medical malpractice, and Title VII violations are not supported by any factual allegations. Instead, he refers the Court to voluminous exhibits, which include documents pertaining to his release on parole in 2016, Plaintiff's personal notes from 2015, an exhibit Plaintiff submitted to a court pertaining to his 2007 criminal prosecution, random newspaper articles, correspondence with the vocational rehabilitation services for disabled Ohioans, and a request for a name change. Neither the Court nor the Respondent are obligated to sift through exhibits to the Complaint and construct claims for any party, including *pro se* litigants. It is Plaintiff's responsibility to edit and organize his

---

[1] *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).
[2] *Neitzke*, 490 U.S. at 327.
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).
[4] *Id.* at 678.
[5] *Id.*
[6] *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

claims and supporting allegations into a manageable format.[7]  His claims are stated solely as legal conclusions.  Legal conclusions are not sufficient to state a claim upon which relief may be granted.[8]

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed under 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[9]

IT IS SO ORDERED.


Dated: March 8, 2019				*s/	James S. Gwin*
						JAMES S. GWIN
						UNITED STATES DISTRICT JUDGE

---

[7] *Laster v. Pramstaller*, No. 08–CV–10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008) (citing *Windsor v. Colorado Dep't. of Corr.*, 9 Fed. App'x. 967, 968 (10th Cir. 2001) (quotation marks omitted)).
[8] *Iqbal*, 556 U.S. at 677-78.
[9] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.